```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
CHARLENE MORISSEAU                                                :   09-CV-3511(ARR)(LB)
                                                                  :
                                    Plaintiff,                    :   NOT FOR PRINT OR
                                                                  :   ELECTRONIC
           -against-                                              :   PUBLICATION
                                                                  :
DLA PIPER U.S. LLP                                                :   OPINION AND ORDER
                                                                  :
                                    Defendant.                    :
                                                                  X
----------------------------------------------------------------
```

ROSS, United States District Judge:

Pro se plaintiff Charlene Morisseau filed the instant complaint on August 12, 2009. Plaintiff paid the required $350 filing fee to bring this action. This case shall be transferred to the United States District Court for the Southern District of New York.

The relevant venue provision is found at 28 U.S.C. § 1391(b), which provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The United States District Court for the Eastern District of New York is not the appropriate court in which to file this action because the defendant resides in the Southern District of New York, in New York County. See, e.g., Don King Prod, Inc. v. Douglas, 735 F. Supp. 522, 531 n.6 (S.D.N.Y. 1990) (noting that a limited partnership's principal place of business is its residence for purposes of determining venue). In addition, the complaint does not

1

contain a single allegation that any of the events giving rise to the claim occurred in this district. Plaintiff brings this action for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging that the defendant retaliated against her when it provided a reporter for the New York Law Journal with the Rule 56.1 Statement filed under seal in a related case plaintiff filed in the Southern District of New York. Plaintiff's complaint alleges that the New York Law Journal and Law.com are divisions of ALM Media, Inc., which maintains its offices and principal places of business in New York County.

If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, in the interest of justice, the Clerk of Court is hereby directed to transfer this case to the United States District Court for the Southern District of New York. See 28 U.S.C. §§ 112, 1406(a). A ruling on defendant's request for a briefing schedule for its motion to dismiss is reserved for the transferee court.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: December 16, 2009
Brooklyn, New York

2

SERVICE LIST:

Pro Se Plaintiff
Charlene Morisseau
P.O. Box 2738
West New York, NJ 07093

Defendant's Attorneys
Edward A. Brill, Esq.
Harris Michael Mufson, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, NY 10036

cc:	Magistrate Judge Lois Bloom